IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM DEAN GRUSSING, | Cause No. CV 23-73-BLG-BMM |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN AND ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner William Dean Grussing's application for writ of habeas corpus. (Doc. 1.) Grussing is a state prisoner proceeding pro se. The petition will be dismissed.

## I.  Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  The Court should

1

"eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II.    Analysis

Grussing is currently incarcerated at Montana State Prison. (Doc. 1.) His petition challenges his February 13, 2013, conviction in Yellowstone County. Grussing pled guilty and did not appeal to the Montana Supreme Court. (Doc. 1 at 3.) Grussing did not file a petition for certiorari in the United State Supreme Court, and he did not file any form of state court petition for postconviction relief, either in the state district court or the Montana Supreme Court. (Doc. 1 at 3 - 5.)

His petition in this Court asserts three grounds. Ground One asserts various infirmities related to a search warrant and other documents associated with it in state court, in violation of Montana state law and his due process rights. (Doc. 1 at 9 - 11.) Ground Two asserts violations of Grussing's Sixth Amendment right to effective counsel by his trial counsel for failing to raise Ground One. (Doc. 1 at 12.) Grussing contends that his counsel failed to investigate his case properly, or they would have raised the issues related to the search warrant documents. *Id.* Ground Three asserts that Grussing's sentence did not comply with maximums found in the Montana statutes. (Doc. 1 at 13.)

The Court initially directed Grussing to show cause why his petition should

not be dismissed for untimeliness and failure to present these issues to the state courts. (Doc. 7.) Grussing provides two reasons to excuse his failure to raise any federal claims before the state courts. Grussing first emphasizes his lack of legal knowledge and his difficulty obtaining counsel. (Doc. 8 at 1 – 2.) He then posits, without elaboration, that the grounds of his petition meet the "standards for extraordinary circumstances as set forth in *Buck v. Davis*, 137 S. Ct. 759 (2017.)" (Doc. 6 at 2.) Grussing argues that these grounds are "clearly supported by the record" and "serious enough to undermine the confidence in the outcome of the proceeding." *Id.* Grussing has failed to demonstrate, however, that he has been pursuing his rights diligently.

Grussing waited more than nine years after his state court conviction became final before he filed this petition in federal court. A federal habeas court generally will not hear claims that have never been fairly presented in state court. If a claim remains unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice. *See, e.g., Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir.2002). Grussing never presented his contentions to the Montana courts. The question now is whether that default may be excused.

A federal court may nonetheless consider the claim when a petitioner has

procedurally defaulted on a claim if the petitioner can make the following showing: (1) good cause for his failure to exhaust the claim; *and* (2) prejudice from the purported constitutional violation; *or* (3) demonstrates that not hearing the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Sawyer v. Whitley,* 505 U.S. 333, 339–40 (1992).

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, … impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citation omitted); *Coleman*, 501 U.S. at 753. Though attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]" *Coleman*, 501 U.S. at 753-54; see also *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). As with all other claims, a petitioner must present an ineffective assistance claim to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In other words, before a federal court may consider ineffective assistance of trial counsel or direct appeal counsel as cause to excuse the default of the underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a proper manner in the state court system. This presentation can take the form of a petition for postconviction relief, including through the Montana Supreme Court. Grussing failed to present any of his claims, in any manner, to the Montana state courts. Grussing's claim for ineffective assistance of counsel cannot serve as cause to excuse the default of Grussing's underlying habeas claims in light of his failure to have exhausted the claim in the Montana state court system. The claims remain procedurally defaulted.

Finally, Grussing could also avoid procedural default if he could establish a fundamental miscarriage of justice. A petitioner can demonstrate a fundamental miscarriage of justice by "establish[ing] that under the probative evidence he has a colorable claim of factual innocence." *Sawyer,* 505 U.S. at 339, 112 S.Ct. 2514 (quotation marks omitted). Grussing does not assert, and he could not establish, a colorable claim of innocence.

### III.   Conclusion

The claims contained in Grussing's petition are untimely and procedurally defaulted without excuse. Grussing's response to this Court's order fails to

5

demonstrate that a valid basis to set aside the procedural default exists. Accordingly, this matter will be dismissed with prejudice.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Grussing has not made a substantial showing that he was deprived of a constitutional right. He has failed to demonstrate the requisite cause and prejudice to set aside the procedural default. Accordingly, his petition is procedurally defaulted. Reasonable jurists would find no basis to encourage further

proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Grussing's petition is dismissed. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Grussing files a notice of appeal.

DATED this 2nd day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court